UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA MITCHELL,

        Plaintiff,

v.                               Case No. 8:13-cv-01506-T-27AEP

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff Vanessa Mitchell filed a Complaint (Dkt. No. 1) seeking review of the denial of

disability benefits under the Social Security Act.  Currently before the Court is Plaintiff's Motion

for Leave to Proceed In Forma Pauperis (Dkt. No. 2) and Affidavit of Indigency (Dkt. No. 3).  For

the reasons that follow, I recommend that the Motion be denied and Plaintiff be given up to and

including July 18, 2013, to pay the requisite filing fee.[1]

      Plaintiff fails to meet the requirements to proceed *in forma pauperis*.  The *in forma*

*pauperis* statute[2] is designed to ensure "that indigent persons will have equal access to the judicial

system."  *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing

---

    [1]  Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. No. 2) was referred
to the undersigned under 28 U.S.C. § 636 (2012).

    [2]  *See* 28 U.S.C. § 1915(a) (2012) (providing that "any court of the United States may
authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or
criminal, or appeal therein, without prepayment of fees or security therefor, by a person who
submits an affidavit that includes a statement . . . that the person is unable to pay such fees or
give security therefor").

*Coppedge v. United States*, 369 U.S. 438, 446-47 (1962)).  The right to file *in forma pauperis* in civil matters is not absolute; "it is a privilege extended to those unable to pay filing fees . . . ." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam).[3]  In determining *in forma pauperis* eligibility, "courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess."  *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted).   In the instant case, Plaintiff's spouse is employed and receives $4,042.00 as monthly income, and jointly, Plaintiff and her spouse own two cars that collectively have an estimated worth of $8,000.00.[4]  (Dkt. No. 3 at 2-3.)  In addition, within the last twelve months, Plaintiff received a $14,000.00 one-time pension payout, which Plaintiff states was used to pay bills.  (Dkt. No. 3 at 3.)  Plaintiff contributes $250.00 to her dependents' support on a monthly basis.  (Dkt. No. 3 at 2.)  Furthermore, although Plaintiff has monthly expenses totaling approximately $1,195.00[5], Plaintiff's joint monthly income exceeds her joint monthly expenses

---

[3]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[4]  Courts have consistently taken into account a plaintiff's spouse's income and joint assets when determining a plaintiff's motion to proceed *in forma pauperis*.  *See, e.g.*, *Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (denying plaintiff's motion to proceed *in forma pauperis* because plaintiff's total monthly income, which was derived primarily from plaintiff's spouse's income, far exceeded plaintiff's joint monthly expenses).

[5]  This includes a monthly rent payment of $945.00 and dependents' monthly support expenses of $250.00, which presumably Plaintiff jointly pays with her spouse.  (Dkt. No. 3 at 2-3.)  Notably, although Plaintiff lists $42,000.00 in other information pertinent to debts and obligations, Plaintiff notes that the student loans are deferred with no monthly payment and

and debts by approximately $2,847.00.[6]  As such, Plaintiff's access to the courts does not seem

to be blocked by her financial status.  *See Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424,

2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012) (recommending that plaintiff's *in forma*

*pauperis* request be denied where spouse had monthly income of $2,500.00, the couple owned

a home, and had no dependents); *Powell v. Harris*, Civ. No. 1:08-CV-344, 2008 WL 4279494,

at *3 (N.D.N.Y. Sept. 15, 2008) (recommending plaintiff's motion to proceed *in forma pauperis*

be denied where plaintiff earned $350.00 per week and had $1,500.00 in his savings account);

*Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D.N.Y.

1988) (finding that defendant was not entitled to proceed *in forma pauperis* where he and his wife

had combined annual income of between $34,000.00 and $37,000.00).[7]

Accordingly, after due consideration, it is hereby

RECOMMENDED:

---

the credit card is in collections with no monthly payment.  (Dkt. No. 3 at 4.)  Therefore,
Plaintiff lists no other monthly obligations aside from rent and dependent support.

[6] Even if the Court were to factor in other monthly living expenses such as food and
insurance, Plaintiff's joint monthly income would still exceed her joint monthly expenses.

[7] The Court has not reviewed Plaintiff's Motion for Leave to Proceed In Forma
Pauperis (Dkt. No. 2) under the standard for frivolity or failure to state a claim upon which
relief may be granted because the Court has determined that Plaintiff fails to meet the
threshold financial requirements of proceeding *in forma pauperis*.  *See* 28 U.S.C. §
1915(e)(2)(B)(i)-(iii) (stating that when an application to proceed *in forma pauperis* is filed,
the Court must review the case and dismiss it *sua sponte* if the Court determines the action is
frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks
monetary relief against a defendant who is immune from such relief).

1.  Plaintiff Vanessa Mitchell's Motion for Leave to Proceed In Forma Pauperis (Dkt. No. 2) be DENIED.

2.  Plaintiff shall have up to and including July 18, 2013, to pay the requisite filing fee to the Clerk.  If Plaintiff fails to pay the requisite filing fee to the Clerk within the allotted time, then this action should be dismissed.

IT IS SO REPORTED in Tampa, Florida, on this 18th day of June, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge


## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72; Local Rule 6.02; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982) (en banc).

cc:     Hon. James D. Whittemore
        Counsel of Record